## RIGHTS UNDER A BROKER'S UNEXECUTED CONTRACT TO SELL STOCK.

Circuit Court of Cuyahoga County.

NORTON T. HORR, AS ASSIGNEE OF R. H. YORK & COMPANY, v. R. M. BAKER.

Decided, November 24, 1905.

*Stock Brokers—Tender Necessary Before Action for Breach of Contract of Sale.*

Where a stock broker contracts with another broker to sell him certain stock at a certain price, delivery to be made at any time within ninety days, and then makes an assignment for the benefit of creditors without having any of the stock in question with which to make tender, in the absence of any rules of the stock exchange governing the transaction the assignee has no right as against the other broker for the difference between the contract price of the stock and the price at which he purchased it in the open market within the ninety days.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

R. H. York & Company and E. M. Baker were both members of the Cleveland Stock Exchange, and on April 13, 1905, the former agreed to sell the latter two hundred shares of American Ship Building stock at fifty-five dollars per share, seller to have the privilege of delivering said stock at any time within ninety days thereafter, the buyer to pay for said stock upon delivery.

Two weeks later R. H. York & Co. failed and made a voluntary assignment for the benefit of creditors, to the plaintiff. The next day Baker purchased in the open market two hundred shares of said stock and paid thereafter at the rate of fifty-three dollars per share.

Thereupon, the assignee claiming from Baker the sum of four hundred dollars, being the difference at $2 per share on said two hundred shares of stock, and Baker denying the claim, they submitted their contention to the common pleas court as an agreed case in which the above facts were set forth and also the further statements that at the time of the transaction first mentioned the parties intended actual delivery of the stock should be made, but that at the time of the assignment R. H. York & Co. did not have on hand for delivery any of the stock referred to.

It was further agreed that the rights of the parties are covered by the rules of the Cleveland Stock Exchange, but that said rules do not expressly regulate the rights of the parties under said circumstances, although said rules provide that when a member of the exchange fails, all his transactions upon the exchange shall be at once "closed," and for all debts then existing to members of the exchange such members shall have a lien upon the membership seat of the failing member.

As there is no averment in the agreed statement that York & Co. tendered the stock to Baker, but, on the contrary, it appears therefrom that York & Co. were and are utterly unable to make such tender, under familiar rules of law, plaintiff can not recover, unless the rules of the stock exchange excuses tender under such circumstances as are presented here, and such rules are enforcible in the courts.

It is said that the word "closed," as found in said rules, implies a settlement upon differences. No definition of the word is given in the agreed statement and the court has no judicial knowledge of its meaning. Doubtless the statement of facts contained no definition of the meaning of the word "closed" as used upon the exchange and in its rules, because such definition would not be consistent with the allegation that the parties intended actual delivery of the stock. If, indeed, to close a transaction upon the exchange means to settle upon differences, then clearly we should have a gambling contract, and the court could not enforce it. Nor is plaintiff's position strengthened by the lien provided by the rules, which the exchange is in a position to en-

force, for if there is no debt, the security for it is unavailable. The common pleas court having also come to this conclusion, its judgment is affirmed.

---

## MUNICIPALITY NOT LIABLE FOR NEGLIGENCE WITH RESPECT TO A WORKHOUSE PRISONER.